UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NORTH ATLANTIC SECURITY COMPANY

CIVIL ACTION NO.

19-379-EWD (CONSENT)

VERSUS

FABIAN BLACHE, ET AL.

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT**

Before the Court is a Motion for Leave of Court to File First Amended Complaint (the "Motion for Leave")[1] filed by plaintiff, North Atlantic Security Company ("Plaintiff"). The Motion for Leave is opposed by defendant, Ritchie Rivers ("Rivers"),[2] and Plaintiff has filed a Reply.[3] For the reasons set forth herein, the Motion for Leave is denied in part and granted in part.[4] Specifically, Plaintiff is denied leave to add the State of Louisiana ("Louisiana") as a defendant because such amendment would be futile. To the extent Plaintiff still wishes to assert an additional state law claim against defendant Fabian Blache ("Blache"), Plaintiff is granted leave to file, within seven (7) days of this Ruling and Order, a revised amended complaint asserting that claim.

**I.　　Background**

On or about March 29, 2019, Plaintiff filed a "Petition for Damages under 42 USC 1983" (the "Petition") naming as defendant Rivers and Blache in their individual capacities. Per the Petition, Plaintiff alleges that Blache, the executive director of the Louisiana Board of Private

---

[1] R. Doc. 10.

[2] R. Doc. 17.

[3] R. Doc. 22.

[4] On August 26, 2019, the parties filed a Joint Consent to Jurisdiction by Magistrate Judge. R. Doc. 16. Thereafter, an Order of Reference was entered in this case referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c)…." R. Doc. 23.

1

Security Examiners (the "Board"), and Rivers, a member of the Board, improperly fined Plaintiff and revoked Plaintiff's license to operate as a private security company in Louisiana in violation of the 8th and 14th Amendments.[5] Plaintiff alleges that as a result of Rivers' and Blache's actions, Plaintiff "had been destroyed as a viable company in Louisiana" by August 2018 and "lost millions of dollars."[6] Plaintiff alleges its damages include "loss of income, past, present and future;" "[v]iolation of Constitutional rights of due process before deprivation of property under the Fourteenth Amendment to the Constitution;" "[e]xcessive fines, in violation of the Excessive fines clause of the Eighth Amendment…;" and "[o]ther damages to be proved at trial."[7] Plaintiff further alleges that its damages exceed $2,000,000.00 and that it is entitled to recover punitive damages and attorney fees.[8] On June 11, 2019, Rivers filed a Notice of Removal asserting this Court has federal subject matter jurisdiction pursuant to both 28 U.S.C. § 1331[9] and § 1332.[10]

On August 20, 2019, Plaintiff filed the instant Motion for Leave.[11] By its Motion for Leave, Plaintiff seeks to amend the Complaint to add a claim based on Blache's alleged violation

---

[5] *See*, R. Doc. 1-2. It appears that the Petition attached to Rivers' Notice of Removal is incomplete. Accordingly, the Court will order Rivers to file a complete version of the Petition. *See*, 28 U.S.C. § 1447(b) ("It may require the removing party to file with its clerk copies of all records and proceedings in such State court….").

[6] R. Doc. 1-2, ¶ 17.

[7] R. Doc. 1-2, ¶ 21.

[8] R. Doc. 1-2, ¶¶ 22-24.

[9] R. Doc. 1, ¶ 4 ("This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based upon the allegations made by plaintiff in its petition which arise under federal law, more specifically claims for a violation of 42 U.S.C. § 1983 and § 1988, et seq.").

[10] Plaintiff is alleged to be "a Mississippi company organized under the laws of the state of Mississippi." R. Doc. 1, ¶ 10. Rivers and Blache are alleged to be domiciliaries of Louisiana. R. Doc. 1, ¶ 11. Plaintiff's Petition alleges damages exceed $2,000,000.00. R. Doc. 1-2, ¶ 24.

[11] R. Doc. 10.

of the Louisiana Constitution[12] and to add Louisiana as a defendant.[13] Plaintiff asserts that Louisiana is Blache's employer and is therefore "responsible for all state law delicts caused by Fabian Blache in the course and scope of his employment as Executive Director of the Louisiana Board of Private Security Examiners."[14] In opposition to the Motion for Leave, Rivers argues that "[b]ecause of the State's sovereign immunity under the Eleventh Amendment, the amendment would only serve to deprive this Court of jurisdiction and force the case to be remanded to state court."[15] Rivers further asserts that allowing the proposed amendment would be futile because Louisiana is not a "person" for purposes of § 1983 and because there is no vicarious liability for an employer under § 1983.[16] In Reply, Plaintiff does not contest these two points of law, and instead asserts that it "only seeks vicarious liability for state law delicts, not federal delicts, from the State of Louisiana."[17]

## II. Law and Analysis

### A. Standard for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."[18] The Federal Rules permit liberal amendment of

---

[12] R. Doc. 10-1, ¶ 26.

[13] R. Doc. 10-1, p. 1. Plaintiff's proposed pleading also seeks "compensatory damages, punitive damages, costs of court, reasonable attorney's fees, legal interest from date of demand, and any other relief Equity and Justice demand." R. Doc. 10-1, p. 8.

[14] R. Doc. 10-1, p. 1. *See also*, R. Doc. 10-1, ¶ 28 ("The State of Louisiana, as the employer of Fabian Blache, is vicariously liable for all state law delicts Blache committed in the course and scope of his employment as Executive Director of the Louisiana Board of Private Security Examiners under the doctrine of Respondiat [sic] Superior.").

[15] R. Doc. 17, p. 2.

[16] R. Doc. 17.

[17] R. Doc. 22, p. 2. *See also*, R. Doc. 22, p. 3 ("A reading of the proposed amended complaint shows that a state law claim against Blache is alleged, and that his employer is named as defendant as vicariously liable for state law delicts only. Louisiana is not a defendant for the 1983 claim, either individually or through Respondiat [sic] Superior. Louisiana law allows the employer to be sued for the state law delicts of its employees.").

[18] Fed. R. Civ. P. 15(a).

3

pleadings, and Rule 15(a) favors granting leave to amend. However, "leave to amend is by no means automatic" and the "decision lies within the sound discretion of the district court."[19] A court should consider five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[20] Absent any of these factors, the leave sought should be freely given.[21]

Regarding the fifth factor, an amendment is "futile" if it would fail to survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.[22] The Fifth Circuit has noted that "[w]hen futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the

---

[19] *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citations omitted).

[20] *Smith v. EMC Corp*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[21] *Smith*, 393 F.3d at 595. Rivers argues that "[s]ince joinder of the State after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder." R. Doc. 17, p. 2. Rivers goes on to discuss the factors set out by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (setting out factors the court should consider when deciding whether a non-diverse party should be added). The undersigned agrees that the addition of Louisiana as a defendant would destroy diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Lafourche Parish Water Dist. No. 1 v. Traylor Bros., Inc.*, No. 09-3204, 2009 WL 2175993, at * 2 (E.D. La. July 21, 2009) ("In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship ... Likewise, state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction.") (citations omitted). However, Rivers' discussion of the *Hensgens* factors is misplaced. Since subject matter jurisdiction is also based on 28 U.S.C. § 1331, jurisdiction is not dependent upon complete diversity of the parties. *See*, *Riley v. Republic Fire and Cas. Ins. Co.*, No. 10-691, 2011 WL 1598572, at *1 (M.D. La. March 29, 2011) ("It is axiomatic that the party seeking removal carries the burden of proving the existence either of diversity or federal question jurisdiction.") (citations omitted); *Mire v. DISA Glocal Solutions, Inc.*, No. 18-137, 2018 WL 3245085, at *3 (M.D. La. June 11, 2018) ("the Court will first determine whether the Court may exercise federal question jurisdiction based upon the allegations in the original Petition. If so, allowing amendment to add a non-diverse defendant, while destroying diversity jurisdiction, would not divest the Court of subject matter jurisdiction and require remand. If federal question jurisdiction is not present, however, the Court must balance *Hensgens* factors to determine whether the addition of a non-diverse defendant should be allowed, which would divest the Court of subject matter jurisdiction and require remand.").

[22] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

complaint."[23] A proposed amendment may also be considered futile where the court would lack subject matter jurisdiction over the amended claim.[24]

### B. Plaintiff's Proposed Amendment Adding Louisiana as a Defendant is Futile

"The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos."[25] "[T]he Supreme Court has 'consistently held that an uncontesting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'"[26] "In general, therefore, a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought"[27] and "bars the adjudication of pendent state law claims against non-consenting state defendants in federal court."[28]

---

[23] *Jamieson by and through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

[24] *See*, *Wiggins v. Louisiana State University-Health Care Services Division*, 710 Fed. Appx. 625, 628 (5th Cir. Oct. 6, 2017) (unpubl.) (affirming district court's finding that any amendment would be futile where proper defendant was immune from suit under Eleventh Amendment); *Dempster v. Dept. of Veterans Affairs*, Civil Action 16-774, 2017 WL 5914662, at * 5 (M.D. La. Nov. 30, 2017) ("The Court finds that any amendment would be futile in this matter considering the Court lacks jurisdiction over Plaintiff's claims."); *Fogarty v. United States Citizenship and Immigration Services, a division of US Dept. of Homeland Sec.*, A-10-CV-146, 2010 WL 11506720, at * 2 (W.D. Tex. Oct. 21, 2010) ("An amended complaint over which the court lacks subject matter jurisdiction is futile for all the same reasons as an amended complaint that fails to state a claim upon which relief can be granted.").

[25] *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (per curiam). *See also*, *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986); *Cozzo v. Tangipahoa Parish Council-Presidential Government*, 279 F.3d 273, 280 (5th Cir. 2002) (citation omitted).

[26] *West v. Louisiana*, Civil Action No. 14-1867, 2015 WL 4758189, at *3 (E.D. La. Aug. 10, 2015) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974)).

[27] *Washington v. Louisiana*, No. 11-334, 2013 WL 5460331, at *2 (M.D. La. Sept. 30, 2013) (citing *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). *See also*, *Rico-Sanz v. Pennington Biomedical Center*, Civil Action No. 04-693, 2005 WL 8155622, at *1 (M.D. La. March 22, 2005) ("A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of a federal court. A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. As such, a court should grant a 12(b)(1) motion when the plaintiffs claim is barred by sovereign immunity...."); *Ysleta del Sur Pueblo v. State of Tex.*, 36 F.3d 1325, 1336 (5th Cir. 1994) ("The State's omission, however, does not mean we are precluded from raising the issue sua sponte, because the Eleventh Amendment operates as a jurisdictional bar."); *U.S. v. Texas Tech University*, 171 F.3d 279, 285, n. 9 (5th Cir. 1999) (collecting cases and explaining that the Fifth Circuit "has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction.").

[28] *Washington*, 2013 WL 5460331, at *2 (citing *Pennhurst*, 465 U.S. at 122 ("We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected

"When a state or its arm is a named defendant, the Eleventh Amendment bars suits for money damages or injunctive relief unless the state has waived its immunity or Congress has abrogated the immunity by unequivocally expressing its intent to do so."[29] Although a state's immunity may be abrogated by Congress or waived by the state, "Congress has not abrogated a state's immunity in cases where a plaintiff brings Section 1981, Section 1983, or Section 1985 claims…,"[30] and "[b]y statute, Louisiana has rejected waiver of its sovereign immunity."[31] Here, Plaintiff seeks to add Louisiana as a defendant in order to assert Louisiana's vicarious liability for Blache's alleged state law violations.[32] Such claims (even if limited to the proposed state law

---

by the Eleventh Amendment. We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction.")).

[29] *Prevo v. Pennington*, 16-cv-0230, 2016 WL 6816254, at *3 (W.D. La. April 22, 2016) (citing *Cozzo*, 279 F.3d at 280-81)). The Fifth Circuit has held that, "The Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state officials acted in violation of federal law." *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman v. Jordan*, 415 U.S. at 664; *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988)). However, the Supreme Court has clarified that declaratory relief is only available under the *Ex Parte Young* exception when there are ongoing or threatened violations of federal law. *Green v. Mansour*, 474 U.S. 64, 73 (1985). Plaintiff does not seek declaratory or injunctive relief and does not allege, in either its Petition or proposed amended complaint, that Blache's or Rivers' actions are ongoing or that there is a threat of future violations of federal law.

[30] *Id.* at * 2 and n. 3 ("'Section 1983 does not, explicitly or by its clear language, indicate on its face an intent to abrogate the immunity of the states.' *Walker v. Livingston*, 381 Fed. Appx. 477, 478 (5th Cir. 2010) (citing *Quern v. Jordan*, 440 U.S. 332 (1979); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir, 1986) (Federal law claims arising under § 1983 are so precluded). The Fifth Circuit has also found that Congress has not abrogated the states' immunity for suits under Sections 1981 and 1985. See *Hines v. Mississippi Dep't of Corrections*, 239 F.3d 366 (5th Cir.2000); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir.1981).").

[31] *Lillie v. Stanford Trust Co.*, Civil Action No. 13-150, 2013 WL 5524865, at *2 (M.D. La. Oct. 3, 2013) (citing La. R.S. § 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.")). *See also*, *Prevo*, 2016 WL 6816254, at *3 ("Louisiana has not waived its immunity from suit in federal court.") (citing La. R.S. 13:5106(A)); *Harmony Center, LLC v. Jindal*, Civil Action No. 10-621, 2010 WL 4955167, at *3 (M.D. La. Nov. 30, 2010)) ("The Court does not find that Article 12, Section 10(A) of the Louisiana Constitution operates as a waiver of the State's or DCFS's Eleventh Amendment immunity.").

[32] Again, Plaintiff and Rivers agree that Louisiana cannot be held vicariously liable with respect to § 1983 claims, and that Louisiana is not a "person" for purposes of § 1983. *See*, *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

claim), would be barred by the Eleventh Amendment.[33] Accordingly, allowing Plaintiff to amend its complaint to add claims against the State of Louisiana would be futile.[34]

### C. Leave to Amend to Assert a New Claim Against Blanche and Rivers is Granted

As explained above, the Court denies Plaintiff's Motion for Leave to add Louisiana as a defendant based on futility; specifically, Plaintiff's inability to proceed against Louisiana in federal court. However, Plaintiff's proposed Complaint also seeks to add a claim that "Defendant Blanche also violated Plaintiff's Due Process Rights under Article I, Section 2 of the Louisiana Declaration of Rights in that Blanche revoked NAS's license to operate in Louisiana and notified its customers of this ex parte revocation without a hearing, in violation of the Louisiana Constitution."[35] No objection has been raised to Plaintiff amending to add this claim. To the extent Plaintiff still seeks to amend to assert an additional state law claim against Blache, the Court grants Plaintiff's Motion for Leave in part. Plaintiff is granted leave to file, within seven (7) days of this Ruling and Order,

---

[33] *Bonin v. Gee*, Civil Action No. 14-771, 2015 WL 3682609, at *3 (M.D. La. June 12, 2015) ("Eleventh Amendment immunity also extends to state law claims brought under pendent jurisdiction.") (citing *Blanchard v. Newton*, 865 F.Supp.2d 709, 713 (M.D. La. 2012) (citing *Pennhurst*, 465 U.S. at 122)).

[34] *Valdery v. Louisiana Workforce Commission*, Civil Action No. 15-01547, 2015 WL 5307390, at *2 (E.D. La. Sept. 10, 2015) (granting motion to dismiss for lack of jurisdiction based on assertion of Eleventh Amendment immunity and stating that "[i]t is apparent from the record in this case that amendment would be futile."); *Logan v. Madison Parish Detention Center*, Civil Action No. 3:12-cv-2221, 2013 WL 5781313, at *4 (W.D. La. Oct. 25, 2013) (denying plaintiff's request to amend to add the Louisiana Department of Corrections "as futile because the Louisiana Department of Corrections is entitled to sovereign immunity under the Eleventh Amendment."); *Baker v. Bowles*, Civil Action No. 3:05-cv-1118, 2005 WL 8165365, at *4 (N.D. Tex. Nov. 11, 2005) ("Because the relief Plaintiff requests from UTSMC is barred by the Eleventh Amendment, the amendment to add UTSMC as a defendant is futile."). *See also*, *Schible v. U.S.*, No. 1:12-cv-59, 2012 WL 2407695, at *4 (N.D. Ind. Jane 25, 2012) ("motions to amend a complaint seeking to add a state agency are commonly denied…because they would be futile under the Eleventh Amendment.") (collecting cases). Both Plaintiff and Rivers contend that allowing the amendment would require remand of this suit to state court. *See*, R. Doc. 5, p. 1 ("Under the Eleventh Amendment, the State of Louisiana cannot be named as a defendant in Federal Court and so this case will have to be remanded back to State Court."); R. Doc. 17 ("Because of the State's sovereign immunity under the Eleventh Amendment, the amendment would only serve to deprive this Court of jurisdiction and force the case to be remanded to state court."). However, the Supreme Court has held that "[a] State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us. A federal court can proceed to hear those other claims…." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392-393 (1998).

[35] R. Doc. 10-1, ¶ 26.

7

a revised amended complaint asserting Plaintiff's additional state law claim against defendant Blache.

## III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to File First Amended Complaint ("Motion for Leave")[36] is **DENIED IN PART AND GRANTED IN PART**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave is **DENIED IN PART AS FUTILE** to the extent Plaintiff seeks to amend to add claims against the State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave is **GRANTED IN PART** to the extent Plaintiff still seeks to amend to assert an additional state law claim against Blache. Plaintiff is **GRANTED LEAVE** to file, within seven (7) days of this Ruling and Order, a revised amended complaint asserting Plaintiff's additional state law claim against defendant Blache.

**IT IS FURTHER ORDERED** that defendant Ritchie Rivers shall file, within seven (7) days of this Ruling, a complete copy of Plaintiff's "Petition for Damages under 42 USC 1983."[37]

Signed in Baton Rouge, Louisiana, on September 30, 2019.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[36] R. Doc. 10.

[37] *See*, *supra*, n. 5. To comply with this order, Rivers may file a motion to substitute the exhibits attached to the Notice of Removal.