UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NORTH ATLANTIC SECURITY COMPANY | CIVIL ACTION<br>NO. 19-379-SDD-EWD |
| VS. | |
| FABIAN BLACHE AND RITCHIE RIVERS | |

**PLAINTIFF'S REVISED AMENDED COMPLAINT FOR DAMAGES
UNDER 42 USC 1983 AND RELATED STATE LAW CLAIMS**

The revised amended complaint of North Atlantic Security Company (Hereinafter, "NAS" or "North Atlantic"), a Mississippi Company organized under the laws of Mississippi, respectfully represents:

Made Defendants are:

**Fabian Blache**, individually, on information and belief, a citizen of Louisiana and resident of East Baton Rouge;

**Ritchie Rivers**, individually, on information and belief, a citizen of Louisiana.

1.

Fabian Blache is the Executive Director of the Louisiana Board of Private Security Examiners, a state actor. He is sued in his individual capacity. Ritchie Rivers is a member of the board of the Louisiana Board of Private Security Examiners, a state actor. He is sued in his individual capacity.

2.

All malicious acts of Defendants occurred in the Parish of East Baton Rouge, State of Louisiana.

3.

In the summer of 2018, Ritchie Rivers, a board member of the Louisiana Board of Private Security Examiners and a security company owner of Rivers Security, approached Fabian Blache, the executive director of the Louisiana Board of Private Security Examiners.

4.

Rivers had an employee that worked for him whose firearms certification was about to expire. On information and belief, Rivers or someone who worked for Rivers had told this security guard "not to worry about his refresher training". The guard went to work and did not get his firearms refresher training.

5.

This security guard, Joshua Lands, was an unwitting pawn in a power play by Rivers and Blache. The guard also worked for a rival company, North Atlantic Security Company, who had taken valuable state contracts in Baton Rouge from Rivers and others in 2018.

6.

Blache and Rivers saw North Atlantic as a threat to Louisiana security companies' interests in general and Rivers' interests specifically. They hated to see an aggressive out of state security company securing lucrative contracts in Louisiana and they blamed North Atlantic for encroaching upon contracts they saw as belonging to Louisiana companies.

7.

The security guard, Joshua Lands, worked not only for Rivers security at an unarmed post, but also worked for North Atlantic Security at an armed post. Rivers Security had

paid for his firearms certification the previous year. When Rivers Security told the guard not to worry about it, he reported to both his jobs.

8.

Joshua Lands' firearms certification lapsed on Saturday, August 11, 2018.

9.

Rivers informed Blache that the Mississippi Company, North Atlantic, had an uncertified guard working on an armed guard post. Rivers did not put this complaint in writing as required, but instead served as a confidential informant for his friend, Fabian Blache.

10.

On August 14, 2018, at 8 or 9 a.m., Fabian Blache conducted an unannounced inspection of Mr. Lands, the guard in question and found that he did not have his proper paperwork on his person and that his firearm's certification had expired three days prior on the 11th of August.

11.

By afternoon of that day, Blache had contacted North Atlantic and notified them that he was revoking their license for having a guard with an unauthorized weapon, grounds for an immediate suspension of its license. Blache also told North Atlantic that they had other guards out of compliance, which was later shown to be inaccurate. He fined North Atlantic $9,500.

12.

On the same day, Blache issued an immediate cease and desist order and revocation of North Atlantic's license to operate in Louisiana. He then notified all of North Atlantic's clients that North Atlantic's license was revoked.

13.

Immediately, the clients began scrambling to get other security companies to take over the North Atlantic contracts.

14.

On information and belief, some of security companies who took over North Atlantic contracts also were on the Louisiana Board of Private Security Examiners, an obvious conflict of interest as they had a financial interest in the revocation of North Atlantic's license to do business in Louisiana.

15.

The State of Louisiana contacted the Board and asked if North Atlantic's revocation could be moved to August 31, 2018 to allow the State to get other companies to take over North Atlantic's contracts. The Board agreed to push the revocation back to August 31, 2018.

16.

It should be noted that as soon as North Atlantic was made aware of security guard Land's lapse in firearms certification, it immediately moved to get him refresher training, which he received within a day of notice. By August 15, 2018, Lands had refresher training for his .38 weapon.

17.

The damage, however, had already been done. By the end of August, 2018, North Atlantic had been destroyed as a viable company in Louisiana. Blache had unilaterally revoked its license without a hearing or vote of the board, notified all its customers that

North Atlantic could not work in Louisiana, and North Atlantic lost millions of dollars in revenue without even being able to timely plead its case.

18.

This is the Board's definition of authorized weapons. Any weapon not listed is deemed unauthorized. They are, as follows:

   -the P24 baton;

   -the .357 revolver, minimum 4 inch barrel;

   -.38 caliber revolver with a four inch barrel;

   -a nine millimeter semiautomatic;

   -a shotgun;

   -a .40 weapon.

Joshua Lands had a .38 handgun at his post when Blache inspected.

19.

Blache, with the help of his informant, Rivers, issued an immediate revocation of North Atlantic's license without a vote of the board or a hearing, in violation of state law R.S. 37: 3289 and my client's due process rights under the Fourteenth Amendment of the Constitution.

20.

As a result of this malicious conduct, North Atlantic was destroyed as a viable business before it could defend itself on September 6, 2018. All contracts had been nullified by Blache's actions, and North Atlantic's customers were divvied up among the Louisiana security companies, including companies represented on the Board.

21.

Damages include

  - Loss of income, past, present and future

  - Violation of Constitutional rights of due process before deprivation of property under the Fourteenth Amendment to the Constitution;

  - Excessive fines, in violation of the Excessive fines clause of the Eighth Amendment as North Atlantic was destroyed as a company for relative minor infractions of regulations.

  - Other damages to be proved at trial.

22.

As a result of Defendant Rivers and Blache's willful indifference to North Atlantic's federally protected rights, North Atlantic seeks punitive damages against both Defendants.

23.

Plaintiff seeks reasonable attorney's fees under 42 USC 1988, et seq.

24.

Damages exceed $2 million.

25.

Plaintiff demands trial by jury.

**AND NOW, Plaintiff further amends as follows:**

26.

Defendant Blache also violated Plaintiff's Due Process Rights under Article I, Section 2 of the Louisiana Declaration of Rights in that Blache revoked NAS's license to operate

in Louisiana and notified its customers of this ex parte revocation without a hearing, in violation of the Louisiana Constitution. As a result of this revocation without hearing, the customers immediately sought new vendors to cover their needs and NAS was effectively out of business before it could argue its position or defend against the allegations. This revocation without a hearing deprived Plaintiff of his property without due process of law.

27.

Blache compounded his liability when he testified at the hearing that NAS was due an immediate revocation because its guard used an "unauthorized weapon" at his post. This was a tortured interpretation of the law that was patently untrue. The guard had been certified to use the weapon in question, a weapon authorized by the law, but failed to have his refresher training timely and let it lapse. This is not an unauthorized weapon, which is defined as using a weapon not specifically authorized by the law.

WHEREFORE, Plaintiff prays that Defendants be served with this complaint, that it be cited to answer, and after all due delays and proceedings, a judgment be rendered in favor of Plaintiff and against Defendants, awarding compensatory damages, punitive damages, costs of court, reasonable attorney's fees, legal interest from date of demand, and any other relief Equity and Justice demand.

Respectfully Submitted,

*/s/Joseph J. Long*
Joseph J. Long
La. Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, LA 70801
josephjlong@juno.com
225 343-7288

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic notification system.

Baton Rouge, Louisiana, this 7th day of October, 2019.

/s/ Joseph J. Long
Joseph J. Long